STEPHEN KISS, APPELLANT, v. JOHN AMBROSE, TRADING AS UNITED GARAGE, RESPONDENT.

Submitted March 23, 1922—Decided June 6, 1922.

1. A garage keeper claiming a lien under chapter 312 of the laws of 1915 (*Pamph. L.*, p. 556) for repairs made to an automobile does not waive his lien by demanding an excessive sum, if the garage keeper's demand is made in good faith, and in the belief he is entitled to the sum demanded.

2. An excessive demand by a lienor for repairs made to an automobile, if made in good faith and in the belief he is entitled to the sum demanded, does not excuse the debtor from making a tender of the sum actually due for repairs.

---

On appeal from the New Brunswick District Court.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *Emil J. Hoos.*

For the respondent, *Kalteissen & Danberry.*

The opinion of the court was delivered by

KATZENBACH, J. Stephen Kiss, the appellant, was the owner of a Ford automobile. He delivered it to John Ambrose, the keeper of a garage, for the purpose of making repairs to the car. There was no express agreement made between them as to the costs of the repairs. Ambrose made .the repairs and rendered to Kiss a bill for $65.70 therefor. Kiss refused to pay the bill on the ground that it was exorbitant and that it included work not authorized by him and demanded a return of the car. Ambrose refused to deliver the car and claimed under chapter 312 of the laws of 1915 a lien on the automobile for his bill. Thereupon Kiss sued out a writ of replevin. At the trial, Kiss offered evidence to the effect that the work which he had authorized to be done could have been done properly for $18. After the introduction of this evidence, the plaintiff rested. Counsel for the defendant moved for a nonsuit on the ground that the evidence offered by the plaintiff showed that there was some sum due and that as no sum had been tendered to the defendant he had the right to retain possession of the car. The court reserved decision on this motion and decided to hear the whole case. The defendant testified as well as another witness that the plaintiff had directed the defendant to give the car a general overhauling. There was also evidence offered by the defendant that the sum of $65.70 was a reasonable and proper charge for the work done. The court held and found as a fact that the defendant had done work on the car and that he was a garage keeper within the meaning of the law and was entitled to a lien and entitled to hold the car until his reasonable and proper bill for repairs was paid. The court then suggested that it would determine by consent of counsel what the proper amount for the work done was. The record does not show whether this proposition was acceptable to the plaintiff or his attorney, but it apparently was, because the court did determine that the amount due to the defendant was $47, which the defendant agreed to accept. The plaintiff refused to accept this finding. The

court thereupon gave judgment for the defendant. From this judgment the plaintiff has appealed.

The ground urged by the appellant. for reversal is that Ambrose waived his lien by demanding an excessive sum for the repairs, and that this excessive demand on the part of Ambrose excused Kiss from making a tender of the amount actually due. The mere demand of an excessive sum by a creditor holding a lien does not dispense with a tender nor waive his lien for the sum really due, if his demand is made in good faith and in the belief that he is entitled to such sum, and no payment or tender is made of the sum actually due. 25 *Cyc.* 677. In the present case it was admitted that there was no express contract as to the cost of the repairs. Ambrose overhauled generally the car. Kiss claimed the repairs ordered by him were new piston rings and not a general overhauling. There was no finding or evidence that Ambrose was not acting in good faith in demanding the sum which he did, or that he did not believe he was entitled to the sum he demanded. The finding of the District Court that the amount due was $47 and not $65.70 as claimed by Ambrose was in no sense a finding that the claim made by Ambrose was not made in good faith and made under the belief that he was entitled to the amount he had demanded. In the case of *Folsom* v. *Barrett,* 180 *Mass.* 439, the plaintiff had a lien upon a horse for his keep, which he claimed was $300.96. An auditor found the amount to be $129.17. The defendant requested the court to rule (1) that if the defendant demanded the horse and the plaintiff refused to deliver him up except upon payment of a sum larger than the sum actually due, then as a matter of law the plaintiff wrongfully held the horse, and (2) that if the defendant requested a statement of the amount due so that he could pay it, and take his horse, and the plaintiff stated that he would not give up the horse except upon payment of a sum named by him larger than the amount due, then the defendant was not bound to tender any sum to the plaintiff and the latter wrongfully held the horse. The lower court refused to rule

as requested, but, in substance, ruled: "That if the plaintiff fraudulently claimed more than was due, for the purpose of keeping possession of the horse, he wrongfully kept the horse, but that, if he believed the sum due him to be as stated by him at the time he refused to deliver the horse, then the fact that that sum was excessive would not work a discharge of the lien.

The Supreme Court, upon review, said: "Where a lienor bases his refusal to surrender property upon some right independent of or inconsistent with the lien, it is held that he has waived his lien, and he cannot afterwards set it up. *Boardman* v. *Sill,* 1 *Camp.* 410, note; *Dirks* v. *Richards,* 4 *Man. & G.* 574. But that is not this case. Here the plaintiff expressly named his lien and insisted upon it, and there was no question as to its nature. It was for the keeping of the horse a certain definite time. He based his right to hold the horse upon that lien, and upon nothing else. His demand, however, was excessive. He was right as to the existence of the lien upon which right alone he was insisting, but wrong as to the amount due. If he fraudulently claimed more than was due he lost his lien; but, if his claim was in good faith, it was still in the power of the defendant to discharge the lien by a payment of the sum actually due. If such a payment had been made at that time the lien would have been destroyed, and consequently the subsequent detention of the horse by the plaintiff would have been wrongful; and that would have been so whether or not the plaintiff honestly believed his claim to be correct. The lien was simply a right to hold the horse until a certain sum was paid, and when that sum was paid the right was gone. The good faith of the plaintiff could not increase that sum. The same result would have followed if a tender of the sum due had been made and refused. *Co. Litt.* 207a; *Coggs* v. *Bernard,* 2 *Ld. Raym.* 909, 917: *Bac. Abr.,* tit. *"Bailment"* (B); *Jarvis* v. *Rogers,* 15 *Mass.* 389, and cases cited. No payment or tender, however, was made; and where, as in this case, there is a lien, which is insisted upon by the

creditor, and his only error is in making an excessive demand which he honestly believes to be correct, the fact that the demand is excessive does not ordinarily relieve the debtor from the necessity of making a tender. If the debtor desires to avail himself of this honest mistake of the creditor, he must make or tender payment of the sum actually due; and neither the ability, readiness, or simple offer to pay is a tender. There must be an actual production of the money, unless such production be dispensed with by the express declaration of the creditor that he will not accept it, or by some equivalent declaration or act."

We are of the opinion that this case correctly states the law. In the case under consideration, as we have said, there was no evidence of want of good faith upon the part of Ambrose, the garage keeper, and no evidence of a tender having been made by Kiss, the owner of the automobile, of the amount due or even the amount which by his proofs he admitted he owed. For the trial court to award possession of the car to the plaintiff under such circumstances would be to render nugatory the statutory lien given to the keeper of a garage, as all an owner would have to do would be to allege that the repairs made were in excess of those authorized by him and then recover possession of his car without paying for the work done upon it.

The judgment of the District Court is affirmed, with costs.